**GEORGE BEAN LAW**
George H. Bean (SBN 306016)
*george@georgebeanlaw.com*
340 E. 1st Street, #1127
Tustin, CA 92781
Telephone: (714) 904-9338

Attorney for Plaintiff, Brendan Potyondy

UNITED STATES DISTRICT COURT

CALIFORNIA CENTRAL DISTRICT

| | |
|---|---|
| BRENDAN POTYONDY, an individual, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC COAST ENERGY COMPANY, LP, a Delaware limited partnership, and DOES 1 through 25, inclusive, <br><br> Defendants. | CASE NO. 2:24-cv-09151-JLS-AGR <br><br> **SECOND AMENDED COMPLAINT** <br><br> **1. RETALIATION IN VIOLATION OF SARBANES OXLEY ACT** |

Comes now Plaintiff Brendan Potyondy who states, alleges, and prays for relief as follows:

## I. PARTIES

1. PLAINTIFF BRENDAN POTYONDY ("Plaintiff" or "Potyondy") is, and at all times relevant hereto, was an individual residing in and who performed employee services for Defendants in the County of Santa Barbara, California.

2. DEFENDANT PACIFIC COAST ENERGY COMPANY, LP ("PCEC") is, and at all times relevant hereto, was a Delaware limited partnership, registered in the State of California, authorized to do business in the State of California with its principal place of business in the County of Santa Barbara.

3. Plaintiff does not presently know the true names and capacities of defendants named as DOES 1 THROUGH 25, INCLUSIVE. Plaintiff will amend this Complaint setting forth the true names and capacities of these defendants when they are ascertained. Plaintiff is informed and believes and, on that basis alleges, that each of the fictitious defendants has participated in the acts alleged in this Complaint to have been done by the named defendants.

4. Unless otherwise indicated, each defendant herein sued is the agent, co-conspirator, joint-venturer, partner, and/or employee of every other defendant and, as alleged, has been acting within the course and scope of said agency, conspiracy, joint venture, partnership, employment and/or joint-employment, with the knowledge and/or consent of their co-defendants, and each of them. Plaintiff is informed and believes that each defendant has authorized and/or ratified the wrongful activities of each of the remaining co-defendants.

SECOND AMENDED COMPLAINT

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1331 and 18 U.S.C. § 1514A(b)(1)(B).

6. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because Defendant partnership resides in this District by having its principal place of business in Santa Barbara County.

## III. NATURE OF THE CASE

7. This is an action brought pursuant to U.S.C. Title 18 § 1514A, known as the Sarbanes-Oxley Act of 2002 which forbids retaliation against an employee who engages in whistle blowing actions.

8. Plaintiff seeks damages for back wages, front wages, lost benefits, perquisites, penalties, reinstatement, emotional distress damages, exemplary damages, attorney's fees, costs and interest on the unpaid wages.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. In compliance with 18 U.S.C. § 1514A(b)(1), Plaintiff exhausted his administrative remedies by filing a complaint with the Secretary of Labor on April 16, 2024. Although the complaint of April 16, 2024, was sufficient to exhaust administrative remedies, Plaintiff filed an amendment with the Department of Labor on January 29, 2025, prior to filing this Second Amended Complaint which matches the clarifications and elaborations herein.

10. The Secretary of Labor did not issue a final decision within 180 days

of the filing of the complaint, therefore, the Central District Court of California obtained jurisdiction over this action, under 18 U.S.C. § 1514A(b)(1)(B).

## V.  BACKGROUND

11. PCEC is an independent energy company headquartered in Orcutt, California, owning assets in Santa Barbara, Kern, Monterey, and Orange Counties, as well as the City of Los Angeles.

12. PCEC is the Trustor and founder of the Pacific Coast Oil Trust ("PCOT") and has a long-standing agreement with PCOT to pay royalties on net income from a group of California oil wells that PCEC operates ("Conveyance Agreement").

13. PCOT is a royalty trust established in January of 2012 by PCEC to receive the net income from a specific set of oil wells located in the Santa Maria and Los Angeles basins of California. PCEC extracts the resources and is bound by the Conveyance Agreement to pay royalties to PCOT, who then distributes the money to investors.

14. The fraud began in or about 2019 when Klaus Hasbo became PCEC's Chief Executive Officer. In October of 2019 PricewaterhouseCoopers resigned as auditor of PCOT, stating that it was unwilling to be associated with PCOT's financial statements.

15. In November of 2019, PCEC adopted a sudden shift in accounting methodology, loading the full discounted cost of thirty years of asset retirement

obligations ("ARO") onto to PCOT's financial statements, resulting is zero distributions to PCOT's shareholders since then.

16. PCEC charged bogus expenses to PCOT, which allowed PCEC to reduce PCOT's share of income owed under the Conveyance Agreement, utilizing a second set of books to conceal their fraud.

17. It was this ongoing scheme that Plaintiff walked into when he was hired on at PCEC.

## VI. STATEMENT OF FACTS

18. Mr. Potyondy was hired by PCEC on or about February 14, 2022, as a Reserves Manager. His duties were primarily to evaluate and estimate the value of PCEC's oil and gas reserves.

19. In 2022, Mr. Potyondy informed the management of PCEC (Klaus Hasbo, Patrick Glenn, and William Dale)[1] multiple times that PCEC was using false numbers for oil differentials. The errors resulted in the gross over-valuation of assets reported to PCOT. These violations benefited PCEC to the detriment of PCOT. Mr. Potyondy sent multiple emails to management, but PCEC refused to remedy the issue because doing so would impair their scheme to take over PCOT, which was to the detriment of PCOT's shareholders.

---

[1] Klaus Hasbo is/was the Chief Executive Officer and lead investor of PCEC; Patrick Glenn is/was the Vice President of Operations of PCEC; and William Dale is/was Chief Financial Officer of PCEC.

SECOND AMENDED COMPLAINT

20. Mr. Potyondy also told Lisa Toler, PCEC's Chief Financial Officer, about the errors and that this was unfair to the investors of PCOT.

21. In 2023, PKF Texas, in the person of Brian Baumler, was conducting an audit of PCEC, at the request of PCOT's Trustee. Mr. Baumler was seeking, among other things, an asset retirement obligation ("ARO") report, and calculation of well counts.

22. As part of the audit, PCEC asked Mr. Potyondy for reserves related items, including calculating well counts. Patrick Glenn had done a similar count in the past, so Mr. Potyondy sought his work and counsel. Mr. Glenn told Mr. Potyondy that "things were made up" and PCEC provided false well counts to PKF.

23. In June of 2023, Mr. Potyondy told Lisa Toler that the well counts were falsified, and he believed that PCEC was violating regulations by providing false information.

24. Also in June of 2023, Lisa Toler sent a request to Mr. Potyondy, that came from Brian Baumler, to make revised impairment runs. After sharing the results with Ms. Toler and informing her of the potential impact, she told him to stop his research because the results were not what PCEC wanted to share with the auditor.

25. On July 25, 2023, Mr. Potyondy emailed Lisa Toler, Patrick Glenn, and Philip Brown,[2] and wrote in bold letters about an issue with the working interests used at West Pico for ARO calculations. Patrick Glenn instructed Mr. Potyondy to use the same false methodology for the ARO schedule as was provided to Moss Adams and to use working interests developed in years past that were incorrect, to avoid raising a red flag for the auditor.

26. In July of 2023, Mr. Potyondy informed Lisa Toler, Patrick Glenn, and Philip Brown that the scheduling of the ARO had been manipulated. Mr. Glenn told him to use the same false methodology for the ARO schedule that had been used for years past. Despite Mr. Potyondy's protest, PCEC proceeded to deceive the auditor.

27. In July of 2023, Mr. Potyondy informed Klaus Hasbo and Patrick Glenn that PCEC was intentionally misclassifying resources as Probable Reserves instead of Contingent Resources. This was an accounting trick being used by PCEC to inflate the value of PCOT and avoid further auditing or amended financials so that PCEC could purchase PCOT back from the investors at an artificial discount.

28. Mr. Hasbo and Mr. Glenn ignored the information provided by Mr. Potyondy because it would cause impairment to PCOT and delay PCEC's fraudulent takeover of PCOT, and conflict with prior SEC filings. Further, to properly classify the reserves as resources would conflict with prior questionable SEC filings.

---

[2] Philip Brown is/was PCEC's Chief Operations Officer.

SECOND AMENDED COMPLAINT

29. Also, in mid-2023, Mr. Potyondy informed Lisa Toler that PCEC was not properly escalating expenses and that this was another manipulation that benefited PCEC to the detriment of PCOT's investors.

30. In November of 2023, Mr. Potyondy emailed Patrick Glenn informing him that the Newlove 84 well had an incorrect field designation and therefore too low of ARO. Mr. Glenn insisted on keeping the incorrect field designation and ARO because PCEC did not want to make changes that might alert the auditor.

31. On September 8, 2023, unbeknownst to Mr. Potyondy at the time, PCEC put an advertisement on Glassdoor for his position.

32. Mr. Potyondy made each of the above provisions of information regarding violative conduct to persons with supervisory authority or authority to investigate, discover, or terminate the misconduct.

33. Each of the reports were provisions of information that Mr. Potyondy reasonably believed constituted SEC violations and/or other violations of Federal law.

34. Mr. Potyondy's provided information to supervisory personnel at PCEC that demonstrate his reasonable belief that PCEC engaged in conduct that violated 18 U.S.C. § 14A(a)(1), (2). Mr. Potyondy is therefore a protected whistleblower under 18 U.S.C. § 14A.

35. PCEC knew that Mr. Potyondy provided information about the violative conduct because he provided the information directly to his supervisors and

1  other persons with the authority to investigate, discover, or terminate the
2  misconduct.

3      36.    After he provided the above information, PCEC treated him differently.
4  He was taken off projects and removed from communication threads that were
5  essential for his job.

6      37.    PCEC reduced Mr. Potyondy's visibility at PCEC and added
7  management levels to his reporting structure.

8      38.    Other employees, known to go along with PCEC's shenanigans, were
9  promoted past Mr. Potyondy, as they edged him out.

10      39.    On December 13, 2023, Philip Brown called Mr. Potyondy into the
11  conference room with Philip Brown and Patrick Glenn. They told him that PCEC
12  was terminating his employment effective January.

13      40.    Defendants greatly reduced Mr. Potyondy's access to company
14  information in the interim, only keeping him on while he was called to jury duty,
15  and terminated him at the end of his jury duty, which was completed on January 19,
16  2024.

## FIRST CAUSE OF ACTION

**Retaliation in Violation of Sarbanes Oxley**

**18 U.S.C. § 1514A**

20      41.    Plaintiff realleges and incorporates by this reference all of the
21  allegations in the preceding paragraphs.

SECOND AMENDED COMPLAINT

42. PCEC is the Trustor and founder of the PCOT, a publicly traded company, with a class of securities registered under section 12 of the Securities and Exchange Act of 1935 and is required to file reports under section 15(d) of the Securities and Exchange Act of 1934.

43. PCOT is a passive investment vehicle owning the right to the profits from certain oilfields in California. PCOT Trust Units traded on the New York Stock Exchange under the symbol ROYT, and trades under PINX as ROYTL.

44. A Trustee would ordinarily manage a trust, however the Trustee of PCOT does not have the staff to do so. Rather, the Trustee pays PCEC approximately $1.3 million a year to provide operational and administrative services.

45. PCEC is an officer, an employee, a contractor, a subcontractor, or an agent of PCOT, thus subjecting PCEC to 18 U.S.C. § 1514A. PCEC is intimately involved in all of PCOT's affairs, and an affiliate or subsidiary whose financial information is included in the financial statements of PCOT.

46. Mr. Potyondy's provisions of information provided evidence that Defendants engaged in frauds and swindles, as defined in 18 U.S.C. § 1341, fraud by wire as defined in 18 U.S.C. § 1343, bank fraud, as defined in 18 U.S.C. § 1344, and securities fraud, as defined in 18 U.S.C. § 1348.

47. Mr. Potyondy, as detailed above, provided information regarding conduct which he reasonably believes constitutes violations of the laws enumerated in the previous paragraph, and/or rules or regulations of the SEC, and/or Federal law

SECOND AMENDED COMPLAINT

1  relating to fraud against shareholders, directly to persons with supervisory authority
2  over him and persons with the authority to investigate, discover, or terminate the
3  misconduct.
4      48.    Mr. Potyondy is therefore a protected whistleblower under
5  18 U.S.C. § 14A, *et seq*.
6      49.    Defendants started to treat him differently after his complaints. He was
7  isolated from company information, taken off projects, and removed from
8  communications that were essential for his job. PCEC management also began to
9  treat him poorly, on a personal level.
10     50.    Mr. Potyondy never received a negative job review, nor was he ever
11 informed that he was not performing his job adequately.
12     51.    On September 8, 2023. PCEC put an advertisement on Glassdoor for
13 Mr. Potyondy's position.
14     52.    PCEC excluded Mr. Potyondy from meetings that he would ordinarily
15 attend and that his position would dictate he be there.
16     53.    The Defendants reduced Mr. Potyondy's visibility into the company.
17     54.    On December 13, 2023, Philip Brown called him into the conference
18 room and terminated his employment with PCEC, effective January.
19     55.    PCEC further reduced Mr. Potyondy's access after informing him that
20 he was terminated, only keeping him at PCEC while he fulfilled jury duty.
21

SECOND AMENDED COMPLAINT

56. Mr. Potyondy's reports of violative information internally at PCEC were contributing factors to PCEC's adverse employment actions taken against Mr. Potyondy.

57. PCEC discharged Mr. Potyondy in retaliation for providing information to persons with supervisory authority over him and persons who had the authority to investigate, discover, or terminate the misconduct, and to the SEC which he reasonably believed violated the law, specifically that Defendants engaged in frauds and swindles, as defined in 18 U.S.C. § 1341, fraud by wire as defined in 18 U.S.C. § 1343, bank fraud, as defined in 18 U.S.C. § 1344, and securities fraud, as defined in 18 U.S.C. § 1348, and that PCEC likely violated multiple SEC regulations, and other Federal laws relating to fraud against shareholders

58. PCEC's adverse employment actions were the proximate cause of Mr. Potyondy's damages.

59. Mr. Potyondy will be seeking all relief necessary to be made whole including but not limited to reinstatement with the same seniority status, back wages, front wages, lost benefits, perquisites, penalties, reinstatement, emotional distress damages, exemplary damages, attorney's fees, costs and interest on the unpaid wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For an award to Plaintiff of past and future wages, according to proof;

SECOND AMENDED COMPLAINT

2. For an award to Plaintiff of past and future benefits, according to proof;

3. For an award to Plaintiff of interest on past wages, and benefits, according to proof;

4. Reinstatement with the same position, salary, and seniority;

5. For an award to Plaintiff for emotional distress damages, according to proof;

6. For an award to Plaintiff for exemplary damages, according to proof;

7. For attorney's fees and costs of this action under 18 U.S.C. § 1514A(c)(2)(C);

8. For attorney's fees and costs under any other applicable or law;

9. For prejudgment interest and post judgment interest as allowed by law; and

10. Any such other and further relief as this Court may deem appropriate and just.

RESPECTFULLY SUBMITTED.

Date: February 6, 2025

**GEORGE BEAN LAW**

_____
George H. Bean, Attorney for Plaintiff, Brendan Potyondy

SECOND AMENDED COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by a jury for this action.

Date: February 6, 2025.                    **GEORGE BEAN LAW**

_____
George H. Bean, Attorney for Plaintiff, Brendan Potyondy