UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-09151-JLS-AGR                    Date: April 10, 2025
Title:  Brendan Potyondy v. Pacific Coast Energy Company, LP

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:
     Not Present                                                      Not Present

**PROCEEDINGS:**    **(IN CHAMBERS)  ORDER (1) GRANTING DEFENDANT'S**
**_EX PARTE_ APPLICATION FOR LEAVE TO FILE SUR-**
**REPLY (Doc. 34); AND (2) DENYING DEFENDANT'S**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**
**(Doc. 30)**

Before the Court is a Motion to Dismiss the Second Amended Complaint filed by
Defendant Pacific Coast Energy Company, LP.  (Mot., Doc. 30.)  Plaintiff Brendan
Potyondy opposed, and Defendant replied.  (Opp., Doc. 31; Reply, Doc. 32.)  On March
21, 2025, the Court held a hearing and took the matter under submission.  Following the
hearing, Defendant filed an _ex parte_ application seeking leave to file a sur-reply; Plaintiff
responded.  (App. Doc. 34; Response, Docs. 35–36).  The Court GRANTS Defendant's
_ex parte_ application and considers the documents attached thereto, as well as those
submitted by Plaintiff in response, in evaluating Defendant's Motion.  For the following
reasons, the Court DENIES Defendant's Motion in its entirety.

## I.    BACKGROUND

This is a whistleblower-retaliation lawsuit arising out of Defendant's termination
of Plaintiff's employment.  Plaintiff was employed by Defendant as a Reserves Manager
from February 14, 2022 until January 19, 2024.  (Second Amended Complaint ¶¶ 18, 40,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-09151-JLS-AGR                           Date: April 10, 2025

Title:  Brendan Potyondy v. Pacific Coast Energy Company, LP

Doc. 27.)  Plaintiff's primary duties in that role were to "evaluate and estimate the value of [Defendant]'s oil and gas reserves."  (*Id*. ¶ 18.)

On April 16, 2024, Plaintiff filed an administrative complaint with the Occupational Safety and Health Administrative ("OSHA") averring that Defendant had violated the Sarbanes-Oxley Act's whistleblower provision, 18 U.S.C. § 1514A.  (*Id*. ¶ 9; Original OSHA Compl. at 1, Ex. A. to Bean Decl., Doc. 31-1.)  More specifically, Plaintiff alleged that Defendant had wrongfully terminated his employment in retaliation for his reports of Defendant's financial misconduct to the Securities and Exchange Commission ("SEC").  (*Id*. at 1–3.)  According to the original OSHA complaint, Plaintiff "observ[ed] that [Defendant's] operations … were being run in a suspect manner in 2023" and filed a complaint with the SEC on August 28, 2023, detailing his concerns regarding Defendant's financial valuations, Defendant's expense and capital allocations, and potential breaches of fiduciary duties by Defendant's employees.  (*Id*.)  Plaintiff alleged that several of Defendant's employees "started to treat him differently" "[s]hortly after" he filed his SEC complaint and that, on December 13, 2023, Defendant's Chief Operations Officer "terminated [Plaintiff's] employment with [Defendant], ultimately effective January 19, 2024."  (*Id*. at 4.)

On October 23, 2024, Plaintiff commenced this lawsuit against Defendant and Does 1 through 25.  (Compl., Doc. 1.)  He filed a First Amended Complaint ("FAC") on November 22, 2024, asserting a single claim for whistleblower retaliation under the Sarbanes-Oxley Act.  (FAC ¶¶ 34–48, Doc. 11.)  Consistent with his original OSHA complaint, Plaintiff's FAC averred that Defendant had "actual and constructive knowledge of [his] complaint to the SEC" and terminated his employment because he had "provid[ed] information to the SEC which he reasonably believed violated multiple SEC regulations."  (*Id*. ¶¶ 28, 47.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-09151-JLS-AGR                    Date: April 10, 2025
Title:  Brendan Potyondy v. Pacific Coast Energy Company, LP

On December 11, 2024, Defendant moved to dismiss the FAC.  (Mot. to Dismiss ("MTD") FAC, Doc. 15.)  Defendant argued, among other things, that Plaintiff had failed to state a Sarbanes-Oxley claim because the FAC alleged no facts showing that Defendant had actual or constructive knowledge of Plaintiff's SEC complaint.  (*Id.*)  On January 24, 2025, the Court held a hearing on Defendant's motion to dismiss the FAC.  On January 28, 2025, the Court issued an order granting the motion on the grounds that the FAC "contain[ed] only conclusory allegations that [Defendant] had actual or constructive knowledge of [Plaintiff]'s reports to the SEC."  (Order Granting MTD FAC, Doc. 26.)  However, the Court dismissed the Sarbanes-Oxley claim with leave to amend in light of Plaintiff's representation at the hearing that "he may be able to state a Sarbanes-Oxley claim based on a slightly different theory; namely, that [Defendant] terminated [Plaintiff's] employment because he had shared some of his concerns regarding [Defendant's] financial misconduct to [an employee of Defendant] who had 'supervisory authority' over him."[1]  (*Id.* at 6 (citing 18 U.S.C. § 1514A(a)(1)(C)).)

On January 29, 2025, Plaintiff filed an amendment to his original administrative complaint with OSHA.  (Amended OSHA Compl., Ex. B to Bean Decl., Doc. 31-1.)  The amendment asserts that, "in addition to providing information that violated provisions under 18 U.S.C. § 1514A(a)(1) to the [SEC]," Plaintiff "also provided much of the same information to persons with supervisory authority over [him] or other such persons working for [Defendant] who had the authority to investigate, discover, or terminate [Defendant]'s misconduct" under 18 U.S.C. § 1514A(a)(1)(C).  (*Id.* at 1.)  The amendment alleges that on multiple occasions beginning "in 2022" and through "November of 2023", Plaintiff informed several members of Defendant's management

---

[1] As Plaintiff did not present this revised theory to the Court until the January 24, 2025 hearing, and the FAC pleaded no facts regarding Plaintiff's efforts to exhaust his administrative remedies, the Court deferred ruling on whether Plaintiff had exhausted his administrative remedies with respect to the revised theory until after the parties had an opportunity to properly brief the issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-09151-JLS-AGR                    Date: April 10, 2025
Title:  Brendan Potyondy v. Pacific Coast Energy Company, LP

about many of the concerns that he later detailed in his reports to the SEC.  (*Id.* at 1–3.)
The amendment further alleges that, at some unspecified point "after" Plaintiff reported
his concerns to Defendant's management, Defendant "started to treat him differently."
(*Id.* at 3.)

On February 6, 2025, Plaintiff filed a Second Amended Complaint ("SAC") in this
action.  (SAC, Doc. 27.)  The SAC abandons the theory previously asserted in the FAC—
*i.e.*, that Defendant terminated Plaintiff's employment because he reported its misconduct
to the SEC.  (*See generally* FAC.)  Rather, consistent with the amended OSHA
complaint, the SAC asserts that Defendant terminated Plaintiff's employment because he
reported his concerns about Defendant's misconduct "directly to his supervisors and
other persons with the authority to investigate, discover, or terminate the misconduct."
(SAC ¶ 35.)

On February 18, 2025, Defendant moved to dismiss the SAC.  (Mot.)  Defendant
argues that the Sarbanes-Oxley claim should be dismissed on numerous grounds,
including that (1) Plaintiff failed to exhaust his administrative remedies with respect to
the "new theory of recovery" asserted in the SAC; (2) Plaintiff's amended OSHA
complaint is time-barred; and (3) the SAC's allegations that Plaintiff reported his
concerns to Defendant's management should be disregarded because they contradict the
allegations in the FAC.  (Mot. at 14–18.)  The Court held a hearing on Defendant's
Motion on March 21, 2025.

On March 28, 2025, Defendant filed an *ex parte* application seeking leave to file
the sur-reply attached thereto.  (App.)  The application explains that, on March 26, 2025,
Plaintiff provided Defendant with copies of his August 2023 SEC reports for the first
time.  (*Id*. at 2.)  The SEC reports, which are attached to the application, include a
questionnaire that Plaintiff completed and submitted to the SEC.  (SEC Reports, App. at
16–34.)  The questionnaire asked in relevant part:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-09151-JLS-AGR                           Date: April 10, 2025
Title:  Brendan Potyondy v. Pacific Coast Energy Company, LP

> **Q.** Have you ever reported the matter at issue in this submission to your supervisor, compliance office, whistleblower hotline, ombudsman, or any other available mechanism for reporting possible violations at any entity you are complaining about?
>
> **Q.** Were you retaliated against for reporting the matter at issue in this submission either internally at the entity or to a regulator?

(*Id.* at 20, 30.)  The questionnaire reflects that Plaintiff responded "No" to both questions. (*Id.*)

On March 31, 2025, Plaintiff filed an opposition to Defendant's application and a proposed response to Defendant's sur-reply.  (Opp. to App.; Response.)  Plaintiff argues in his response that, when he completed the SEC questionnaire, he understood the first question above to ask "whether he had filed a prior formal or written report, such as the one he was making to the SEC."  (Response at 9.)  As noted at the outset, the Court will consider Defendant's sur-reply, Plaintiff's SEC reports, and Plaintiff's response to Defendant's sur-reply in evaluating the present motion.

## II.   <u>LEGAL STANDARD</u>

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).  The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (cleaned up).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-09151-JLS-AGR                    Date: April 10, 2025
Title:  Brendan Potyondy v. Pacific Coast Energy Company, LP

## III.   DISCUSSION

### A.  Whether Plaintiff Exhausted His Administrative Remedies

Sarbanes-Oxley's whistleblower provision, 18 U.S.C. § 1514A, "protects employees of publicly-traded companies from discrimination in the terms and conditions of their employment when they take certain actions to report conduct that they reasonably believe constitutes certain types of fraud or securities violations." *Tides v. Boeing Co.*, 644 F.3d 809, 813 (9th Cir. 2011).  Whistleblower claims under Sarbanes-Oxley "are governed by a burden-shifting procedure under which the plaintiff is first required to establish a prima facie case of retaliatory discrimination." *Id.* at 813–14.  To make a prima facie showing, a plaintiff must establish that "(1) he engaged in protected activity or conduct; (2) his employer knew or suspected, actively or constructively, that he engaged in the protected activity; (3) he suffered an unfavorable personnel action; and (4) the circumstances were sufficient to raise an inference that the protected activity was a contributing factor in the unfavorable action." *Id.* at 814; *see also* 29 C.F.R. § 1980.104(e)(2)(i)–(iv).

But to pursue a Sarbanes-Oxley retaliation claim in federal court, an employee must first exhaust his administrative remedies by filing a complaint with the Secretary of Labor.  *Daramola v. Oracle Am., Inc.*, 92 F.4th 833, 840 (9th Cir. 2024) (citing § 1514A(b)(1)(A)).  The Secretary has delegated the responsibility for investigating and initially adjudicating the complaint to OSHA.  *Lawson v. FMR LLC*, 571 U.S. 429, 436 (2014) (citing 78 Fed. Reg. 3918 (2013)).  The claimant may appeal OSHA's determination to an administrative law judge and ultimately to the Department of Labor's Administrative Review Board ("ARB").  *Id.*  If "the ARB does not issue a final decision within 180 days of the filing of the complaint, and the delay is not due to bad faith on the claimant's part, the claimant may proceed to federal district court for de novo review." *Id.*; § 1514(A)(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-09151-JLS-AGR                    Date: April 10, 2025
Title:  Brendan Potyondy v. Pacific Coast Energy Company, LP

Plaintiff filed his original OSHA complaint on April 16, 2024, and initiated this lawsuit on October 23, 2024.  (SAC ¶ 9; Compl.)  Thus, there is no dispute that Plaintiff appropriately waited at least 180 days to commence this lawsuit.  Defendant argues, however, that Plaintiff's SAC impermissibly exceeds the scope of his original OSHA complaint because the SAC relies on "an entirely different, inconsistent theory regarding what 'protected activity' motivated [Defendant]'s actions."  (Mot. at 18.)

As an initial matter, there are no formal pleading requirements for whistleblower complaints filed with the Secretary of Labor under Sarbanes-Oxley.  *See* 29 C.F.R. § 1980.103(b) ("No particular form of complaint is required.").  Given this absence of pleading requirements, "complaints in OSHA administrative proceedings are not expected to meet the standards of pleading that apply to claims filed in federal court under Rule 12(b)(6)."  *Wadler v. Bio-Rad Labs., Inc.*, 141 F. Supp. 3d 1005, 1020 (N.D. Cal. 2015); *see also Donovan v. Royal Logging Co.*, 645 F.2d 822, 826 (9th Cir. 1981) ("It is settled that administrative pleadings are liberally construed and easily amended").  "That said, 'an exhaustion requirement would be meaningless if the complainant were free to litigate claims bearing little or no connection to the preceding administrative complaint.'"  *Erhart v. BofI Holding, Inc.*, 612 F.Supp. 3d 1062, 1084 (S.D. Cal. 2020) (quoting *Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 658, 669 (4th Cir. 2015)).

The parties appear to disagree on the proper standard for evaluating whether a plaintiff's federal court complaint exceeds the scope of an administrative complaint under Sarbanes-Oxley.  Defendant argues that the exhaustion standard applicable in the Title VII context for Equal Employment Opportunity Commission ("EEOC") complaints applies with equal force in the Sarbanes-Oxley context.  (Mot. at 17.)  In the Title VII context, district courts may hear any allegations of discrimination "that are 'like or reasonably related' to the allegations in the EEOC charge, or that fall within the 'EEOC investigation which can reasonably be expected to grow out the charge of discrimination.'"  *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-09151-JLS-AGR                    Date: April 10, 2025

Title:  Brendan Potyondy v. Pacific Coast Energy Company, LP

(quoting *Deppe v. United Airlines*, 217 F.3d 1262, 1267 (9th Cir. 2000)).  Plaintiff does not explicitly argue against the application of Title VII's exhaustion standard in the Sarbanes-Oxley context.  But his briefing relies on a more liberal exhaustion standard, whereby district courts may hear allegations of retaliation under Sarbanes-Oxley so long as they "arose out of the same [employer] conduct" alleged in the OSHA complaint. (Opp. at 14–15.)

Neither party cites—and the Court is unaware of—any binding authority addressing the proper exhaustion standard in the Sarbanes-Oxley context.  In *Erhart v. BofI Holding, Inc.*, the district court reviewed the various approaches that courts have used "when a defendant argues the lawsuit exceeds the scope of the OSHA complaint", and ultimately found it appropriate to apply Title VII's exhaustion standard to Sarbanes-Oxley.  612 F. Supp. 3d at 1084–1085 (S.D. Cal. 2020).  This approach is consistent with that of the Fourth and Fifth Circuits.  *Jones v. Southpeak Interactive Corp. of Delaware*, 777 F.3d 658, 668–70 (4th Cir. 2015) (applying Title VII case law in evaluating exhaustion under Sarbanes-Oxley); *Wallace v. Tesoro Corp.*, 796 F.3d 468, 476 (5th Cir. 2015) (holding that the "same exhaustion standard" applies under Title VII and Sarbanes-Oxley).

The Court finds the reasoning in these cases persuasive and therefore adopts Title VII's exhaustion standard in analyzing this case.  Accordingly, the permissible scope of Plaintiff's lawsuit covers any allegations of retaliation that are "like or reasonably related to the allegations in the OSHA Complaint, or that fall within the OSHA investigation which can reasonably be expected to grow out of the charge of retaliation." *Erhart*, 612 F.Supp. 3d at 1085 (cleaned up) (citing *Sommatino*, 255 F.3d at 708).  In determining whether allegations fall within this scope, the Court "may consider 'such factors as the alleged basis of the [retaliation], dates of [retaliatory] acts specified within the charge, perpetrators of [retaliation] named in the charge, and any locations at which [retaliation]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-09151-JLS-AGR                    Date: April 10, 2025

Title:  Brendan Potyondy v. Pacific Coast Energy Company, LP

is alleged to have occurred.'" *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003) (citation omitted).

Here, Defendant argues that the SAC exceeds the scope of the original OSHA complaint because the two complaints assert different theories as to what protected activity motivated the alleged retaliatory action and different timeframes of events.  (Mot. at 15–16.)  The original OSHA complaint alleged that Defendant terminated Plaintiff's employment because he reported Defendant's misconduct to the SEC in August 2023. *See* 18 U.S.C. § 1514A(a)(1)(A).  (Original OSHA Compl. at 2–3.)  It then alleged that, "[s]hortly after" Plaintiff filed his SEC complaints, Defendant "started to treat him differently."  (*Id*. at 4.)  By contrast, the SAC alleges that Defendant terminated Plaintiff's employment because, at various times beginning on some unspecified date in 2022, Plaintiff reported his concerns about Defendant's misconduct to employees who had "supervisory authority over him and … authority to investigate, discover, or terminate the misconduct." (SAC ¶¶ 19, 47, 57.)  *See* 18 U.S.C. § 1514A(a)(1)(C).  The SAC then alleges that at some point "after" Plaintiff raised his concerns with Defendant's employees, Defendant began to "treat[] him differently."  (*Id.* ¶ 36.)

While Defendant's arguments on this front are well-taken, the Court concludes that the SAC's allegations of retaliation fall within the scope of the original OSHA complaint.  At bottom, the two complaints differ in that the original OSHA complaint included no allegations that Plaintiff had reported his concerns to any employees of Defendant.  But a reasonable investigation of the original OSHA complaint would have revealed whether, before Plaintiff reported his concerns to the SEC, he had reported those concerns to Defendant's management.  It is not difficult to imagine how an OSHA investigation would uncover these allegations.  For instance, if an OSHA investigator asked Plaintiff how Defendant had actual or constructive knowledge that Plaintiff had reported his concerns to the SEC, Plaintiff would likely respond with something to the effect of: "Well, because on numerous occasions in the past, I had informed Defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-09151-JLS-AGR                                  Date: April 10, 2025

Title:  Brendan Potyondy v. Pacific Coast Energy Company, LP

management about the concerns described in my SEC reports."  Thus, the SAC's allegations are "so closely related" to the allegations in the original OSHA complaint "that agency action would be redundant" in investigating them separately.  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1102 (9th Cir. 2002), *as amended* (Feb. 20, 2002) (citation omitted).

As the SAC falls within the permissible scope of the original OSHA complaint, the Court concludes that Plaintiff has properly exhausted his administrative remedies.[2] The Court therefore turns to Defendant's alternative arguments in support of dismissal.

### B.  Inconsistencies Between the SAC and Earlier-Filed Complaints

Defendant contends that the Court should disregard the SAC's allegations that Plaintiff reported his concerns to Defendant's employees because they "completely contradict" Plaintiff's "earlier judicial and administrative complaints."  (Mot. at 19.) According to Defendant, that Plaintiff answered "no" when asked in the SEC questionnaire whether he had "reported the matter at issue in [his] submission[s] to [his] supervisor … or any other available mechanism for reporting possible violations at any entity [he was] complaining about" evinces the falsity of the SAC's allegations otherwise.  (App. at 9–10.)  Plaintiff maintains that his answer does not conflict with his allegations in the SAC because he understood the questionnaire "to ask whether he had filed a prior formal or written report, such as the one he was making to the SEC." (Response at 9.)  As Plaintiff had reported his concerns to Defendant's employees "primarily through verbal and email communications," he did not believe those communications were relevant to the questionnaire.  (*Id.*)

---

[2] In light of this conclusion, the Court does not consider Defendant's argument that the amended OSHA complaint was untimely.  (*See* Mot. at 17–19.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-09151-JLS-AGR                              Date: April 10, 2025
Title:  Brendan Potyondy v. Pacific Coast Energy Company, LP

Although the SEC questionnaire appears to undermine Plaintiff's allegations that he reported his concerns to Defendant's employees, the Court concludes that the explanation Plaintiff has provided is sufficient to survive the motion to dismiss stage. Ultimately, the credibility of these allegations is an issue of fact that cannot be resolved based on the record currently before the Court.  The Court therefore DENIES Defendant's Motion insofar as it seeks dismissal of the Sarbanes-Oxley claim on this basis.

### C.  Whether the SAC Adequately States a Sarbanes-Oxley Claim

As previously noted, to state a prima facie case under 18 U.S.C. § 1514A, Plaintiff must plausibly allege the following four elements: (1) he engaged in protected activity; (2) Defendant knew or suspected, actually or constructively, that he engaged in the protected activity; (3) he suffered an adverse employment action; and (4) the circumstances were sufficient to raise the inference that the protected activity was a contributing factor to the adverse action.  *Tides*, 644 F.3d at 814.  As to the first element, §1514A protects employees who "provide information ... regarding any conduct which the employee reasonably believes constitutes a violation of section 1341 [mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348 [securities or commodities fraud], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders[.]"  18 U.S.C. § 1514A(a)(1).

Defendant argues that the SAC fails to satisfy the first and fourth elements.  (Mot. at 18–24.)  The Court thus confines its analysis to these two elements.

### 1.  Protected Activity

As a threshold issue, the parties disagree as to the pleading standard applicable to the first element of Plaintiff's Sarbanes-Oxley claim.  Defendant argues that the standard set forth in *Van Asdale v. International Game Technology*, 577 F.3d 989, 996–97 (9th

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-09151-JLS-AGR                                    Date: April 10, 2025

Title:  Brendan Potyondy v. Pacific Coast Energy Company, LP

Cir. 2009) controls.  (Mot. at 20; Reply at 11.)  *Van Asdale* adopted the ARB's standard for protected activity set forth in *Platone v. FLYi, Inc.*, 2006 WL 3193772, at \*9 (U.S. Dep't of Labor Sept. 29, 2006), which held that a whistleblower's complaint must "'definitively and specifically' relate to an enumerated legal violation to qualify for protection" and "'approximate … the basic elements' of the kind of fraud or violation alleged."  *Rhinehimer v. U.S. Bancorp Invs., Inc.*, 787 F.3d 797, 806 (6th Cir. 2015) (quoting *Platone*, 2006 WL 3193772, at \*9, 12).  However, in 2011, the ARB abrogated the standard set forth in *Platone*, finding it to be inconsistent with § 1514A and the statutory scheme.  *Sylvester v. Parexel Int'l LLC*, 2011 WL 2165854, at \*14–15 (U.S. Dep't of Labor May 25, 2011) (*en banc*).  *Sylvester* held that a whistleblower plaintiff "need only show that he or she 'reasonably believes' that the conduct complained of constitutes a violation of the laws listed at Section 1514" to engage in protected activity. *Id.* at \*11.  Plaintiff maintains that, post-*Sylvester*, *Van Asdale* no longer provides the governing standard.  (Opp. at 7.)

The Ninth Circuit has yet to explicitly address what effect, if any, *Sylvester* has on the "definitively and specifically" standard adopted in *Van Asdale*.  At least two district courts in this Circuit have examined the relevant caselaw and concluded that the Ninth Circuit would defer to the ARB's interpretation of § 1514A that is now provided in *Sylvester*.  *See Erhart v. Bofi Holding, Inc.*, 2016 WL 5369470, at \*8–9 (S.D. Cal. Sept. 26, 2016); *see also Brinker v. Axos Bank*, 2022 WL 17724408, at \*7–9 (S.D. Cal. Dec. 15, 2022).

However, the Court does not find the "definitively and specifically" issue to be dispositive at this stage of the case.  In *Van Asdale,* the Ninth Circuit acknowledged that a Sarbanes-Oxley plaintiff "only need show that [he] reasonably believed that there might have been fraud and [was] fired for even suggesting further inquiry."  577 F.3d 989 at 1001.  *Van Asdale* described this as a "minimal threshold requirement."  *Id.*; *see also Wadler v. Bio-Rad Laboratories, Inc.*, 916 F.3d 1176, 1187–88 (9th Cir. 2019)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-09151-JLS-AGR                    Date: April 10, 2025
Title:  Brendan Potyondy v. Pacific Coast Energy Company, LP

(confirming that *Sylvester*'s "reasonable belief" standard applies to whistleblower retaliation claims, and describing it as a "low bar").

The "reasonable belief" standard includes both a subjective and an objective component.  *Erhart*, 2016 WL 5369470, at *10.  The "subjective component is satisfied if the employee actually believed that the conduct complained about constituted a violation of relevant law."  *Id.*  Here, Plaintiff asserts that he believed Defendant's conduct constituted securities fraud in violation of 18 U.S.C. § 1348 and 17 C.F.R. § 240.10b-5.[3] (Opp. at 23–24.)  The objective component "is evaluated based on the knowledge available to a reasonable person in the same factual circumstances with the same training and experience as the aggrieved employee."  *Wadler*, 916 F.3d at 1188 (quoting *Sylvester*, 2011 WL 2165854, at *12).

Contrary to Defendant's assertions otherwise, the SAC contains sufficient allegations that he complained of conduct that he reasonably believed constituted securities fraud.  For example, Plaintiff alleges that, in 2022, he informed Defendant's Chief Executive Officer, Vice President of Operations, and Chief Financial Officer "multiple times that [Defendant] was using false numbers for oil differentials," which "resulted in the gross over-valuation of assets reported" to Pacific Coast Oil Trust ("PCOT").  (SAC ¶ 19.)  Plaintiff alleges that, despite his emails to management about these concerns, Defendant "refused to remedy the issue because doing so would impair [management's] scheme to take over PCOT, which was to the detriment of PCOT's shareholders."  (*Id.*).  Plaintiff also identifies other fraudulent practices that he believed Defendant employed in furtherance of this "scheme."  (*See id.* ¶¶ 19, 25–27.)  Yet Defendant's management allegedly "ignored" Plaintiff's reports of these practices

---

[3] To the extent Defendant contends that Plaintiff cannot satisfy the subject component of this standard, (*see, e.g.*, Mot. at 20), whether Plaintiff actually believed that he was reporting unlawful conduct is a factual issue that cannot be resolved at the motion to dismiss stage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-09151-JLS-AGR                    Date: April 10, 2025
Title:  Brendan Potyondy v. Pacific Coast Energy Company, LP

because "it would … delay [Defendant's] fraudulent takeover of PCOT, and conflict with prior SEC filings."  (*Id.* ¶ 28.)  These allegations sufficiently allege that Plaintiff was engaged in protected activity.

Defendant's Motion is DENIED insofar as it seeks dismissal of the Sarbanes-Oxley claim on this basis.

### 2.  Contributing Factor

Lastly, Defendant contends that the SAC does not allege sufficient facts to demonstrate that "the circumstances raise an inference that the protected activity was a contributing factor" in Defendant's termination of Plaintiff's employment.  (Mot. at 24 (quoting *Tides*, 644 F.3d at 814).)  The Court disagrees.  The SAC alleges that, after Plaintiff reported his concerns within the company, Defendant began "treat[ing] him differently" by, among other things, removing him from "projects" and "communication threads that were essential for his job," "add[ing] management levels to his reporting structure," and "promot[ing]" other employees "past [him]."  (SAC ¶¶ 36–40.)  Moreover, as Plaintiff maintains that he made the "majority of his internal reports in June and July of 2023," the temporal proximity between these reports and Defendant's termination of his employment sufficiently supports a plausible inference, at this stage, that Plaintiff's protected activity contributed to his termination.  (Opp. at 10.)  Defendant's Motion is therefore DENIED insofar as it seeks dismissal of the Sarbanes-Oxley claim on this basis.

### IV.  **CONCLUSION**

For the above reasons, the Motion is DENIED in its entirety.

Initials of Deputy Clerk: kd