**LEECH TISHMAN NELSON HARDIMAN, INC.**
Kathryn T. McGuigan (Bar No.232112)
Fadi K. Rasheed (Bar No. 267175)
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024
Tel: +1.424.738.4400
Fax: +1.424.738.5080
kmcguigan@leechtishman.com
frasheed@leechtishman.com

Attorneys for Defendant
PACIFIC COAST ENERGY COMPANY, LP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN POTYONDY, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC COAST ENERGY COMPANY, LP, a Delaware limited partnership, and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | Case No. **2:24-cv-09151-JLS(CTSx)**<br><br>Hon. Josephine L. Staton<br>Courtroom 8A<br><br>**DEFENDANT PACIFIC COAST ENERGY COMPANY, LP'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Complaint Filed:　　October 23, 2024 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendant PACIFIC COAST ENERGY COMPANY, LP ("**Defendant**" or "**PCEC**") hereby files its Memorandum Of Contentions Of Fact And Law pursuant to Local Rule 16-4 and the Court's Civil Trial Order, as follows:

/ / /

/ / /

/ / /

-1-
DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## I.      Claims (L.R. 16-4.1(a))

Claim 1: Retaliation In Violation Of Sarbanes Oxley 18 U.S.C. § 1514A

Plaintiff BRENDAN POTYONDY ("**Plaintiff**") has a single cause of action for Retaliation in Violation of Sarbanes Oxley 18 U.S.C. § 1514A.  Plaintiff claims he was fired for engaging in protected whistleblowing activity.  Namely, Plaintiff claims that PCEC subjected him to adverse employment actions, culminating in the termination of his employment, because he reported to PCEC management and to the U.S. Securities and Exchange Commission conduct that he believed constituted accounting fraud and false asset valuations affecting the Pacific Coast Oil Trust ("**PCOT**").

## II.      Elements of Claims (L.R. 16-4.1(b))

The elements for a claim under 18 U.S.C. § 1514A for retaliation are

(1) the employee engaged in protected activity;

(2) the employer knew, actually or constructively, of the protected activity;

(3) the employee suffered an unfavorable personnel action; and

(4) the circumstances raise an inference that the protected activity was a contributing factor in the personnel action.

*See Coppinger-Martin v. Solis*, 627 F.3d 745, 750 (9th Cir. 2010).

"'[T]o have an objectively reasonable belief there has been shareholder fraud, the complaining employee's theory of such fraud must at least approximate the basic elements of a claim of securities fraud." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 1001 (9th Cir. 2009) (citing, *Day v. Staples, Inc.,* 555 F.3d 42, 55 (1st Cir. 2009)).  "The Supreme Court has explained that a private action for securities fraud "resembles, but is not identical to, common-law tort actions for deceit and misrepresentation," and that its elements include a material misrepresentation or omission, scienter, a connection with the purchase or sale of a security, reliance, economic loss, and loss causation." *Id*. (citing, *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341–42, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)).

-2-

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

The court in Hansen v. Musk, 122 F.4th 1162 (9th Cir. 2024), held that to "obtain anti-retaliation protections of the Sarbanes-Oxley Act (SOX), the employee must report what the employee reasonably believes to be instances of criminal fraud or securities law violations." *Hansen v. Musk*, 122 F.4th 1162 (9th Cir. 2024), cert. denied sub nom. *Hansen v. Tesla, Inc.*, 145 S. Ct. 2850, 222 L. Ed. 2d 1132 (2025).

"It protects employees of public companies from retaliation for providing information to a supervisor, federal agency, or Congress. 18 U.S.C. § 1514A(a). To obtain the statute's anti-retaliation protections, the employee must "report what they reasonably believe to be instances of criminal fraud or securities law violations." *Hansen*, 122 F.4th at 1174. (citing, *Murray v. UBS Sec., LLC*, 601 U.S. 23, 27, 144 S.Ct. 445, 217 L.Ed.2d 343 (2024). But while "Dodd-Frank's whistleblower provision ... focuses primarily on reporting to federal authorities," SOX's "protections include employees who provide information to any 'person with supervisory authority over the employee.' " *Id*. (citing, *Lawson v. FMR LLC*, 571 U.S. 429, 456, 134 S.Ct. 1158, 188 L.Ed.2d 158 (2014) (quoting 18 U.S.C. § 1514A(a)(1)(C))).

If the employee makes a prima facie showing, the burden shifts to the employer to rebut the employee's prima facie case by demonstrating by clear and convincing evidence that the employer would have taken the same personnel action in the absence of the protected activity. *Coppinger-Martin*, 627 F.3d at 750 (citing, See 49 U.S.C. § 42121(b)(2)(B)(ii); 18 U.S.C. § 1514A(b)(2)(C) (adopting the burdens of proof set out in 49 U.S.C. § 42121(b))).

### III.    Key Evidence to Oppose Claims (L.R. 16-4.1(c))

PCEC's key evidence in opposition to Claim 1, organized by element, includes the following.

i.    Element 1 — No protected activity/no objectively reasonable belief.

The matters Plaintiff raised concerned technical reserve-engineering and accounting judgments (i.e., oil-differential inputs, well counts, asset-retirement-

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

obligation scheduling, and reserve classification) not conduct approximating securities fraud.  The evidence that will show that:

    a. PCEC relied on independent third-party verification of its reserves.  Klaus Hasbo (CEO) and other PCEC witnesses will testify that PCEC's reserves are verified by an independent reserves auditor, NSAI, and by senior chief engineer, Don LeBlanc, and that correct classification is confirmed through that third-party process.

    b. Plaintiff conceded he did not know the totality of the information PCEC provided to the auditors regarding the matters he now characterizes as fraudulent.

    c. Plaintiff acknowledged that he told the former CFO the figures were "wrong" and "not the right thing to do," rather than identifying a securities-law violation.

    d. Lisa Toler, PCEC's former CFO, will testify that well-count discrepancies must be evaluated for materiality, and that immaterial differences are insignificant, undermining Plaintiff's claim that the reported issues reflected shareholder fraud.

    ii.    <u>Element 2 — No employer knowledge of protected activity</u>.

Evidence shows that PCEC did not understand Plaintiff's internal communications as reports of federal securities-law or fraud violations, including Plaintiff's deposition testimony regarding whether Mr. Glenn or Mr. Hasbo did anything in response to his communications that would suggest they understood him to be reporting a legal, regulatory, or deceptive practice.

    iii.    <u>Element 3 — Unfavorable personnel action</u>.

PCEC does not dispute that Plaintiff's employment ended.

    iv.    <u>Element 4 — No contributing factor/legitimate, independent reason</u>.

-4-

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

The decision to end Plaintiff's employment was a business decision to outsource his function to outside contractors, unrelated to any protected activity. The evidence that will show that:

    a. Patrick Glenn, PCEC's VP of Operations, will testify that Plaintiff's employment ended because PCEC chose to outsource the position to contractors, allowing for more variable expenses rather than fixed costs.

    b. Hasbo will testify that he, with Philip Brown, directed a move toward external consultants for the company's UIC work, an idea that arose in October/November 2023 discussions, before the December 2023 notice of termination.

    c. Hasbo and Glenn will testify that PCEC offered Plaintiff the opportunity to continue as a consultant after his employment ended.

    d. Hasbo will testify Plaintiff was not terminated for misconduct, and Glenn will testify that the emails on which Plaintiff relies had nothing to do with the termination.

### IV.    <u>Affirmative Defenses (L.R. 16-4.1(d))</u>

PCEC has pleaded, and plans to pursue, the following affirmative defenses:

Second Affirmative Defense: Plaintiff's claim fails because PCEC is not a company with a class of securities registered under section 12 of the Securities Exchange Act of 1934, is not required to file reports under section 15(d) of that Act, is not a subsidiary or affiliate whose financial information is included in the consolidated financial statements of any such company, and is not an officer, employee, contractor, subcontractor, or agent of any such company within the meaning of 18 U.S.C. § 1514A(a). PCEC is therefore not subject to liability under Section 806 of the Sarbanes-Oxley Act.

Third Affirmative Defense: Plaintiff did not engage in activity protected by 18 U.S.C. § 1514A because he did not hold a subjectively and objectively reasonable belief that the conduct he allegedly reported constituted a violation of 18

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

U.S.C. § 1341, § 1343, § 1344, or § 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of federal law relating to fraud against shareholders.

Fourth Affirmative Defense: Plaintiff's claim fails because PCEC did not know, actually or constructively, that Plaintiff engaged in any activity protected by 18 U.S.C. § 1514A.

Fifth Affirmative Defense: Any activity protected by 18 U.S.C. § 1514A in which Plaintiff allegedly engaged was not a contributing factor in any unfavorable personnel action affecting his employment.

Sixth Affirmative Defense: Even if Plaintiff had engaged in protected activity that was a contributing factor in any personnel action, which PCEC denies, PCEC would have taken the same personnel action in the absence of any such activity, and PCEC can demonstrate this by clear and convincing evidence, as provided in 49 U.S.C. § 42121(b)(2)(B) and incorporated into 18 U.S.C. § 1514A(b)(2)(C).

Seventh Affirmative Defense: All personnel actions affecting Plaintiff's employment were taken for legitimate, non-retaliatory business reasons wholly unrelated to any protected activity.

Eighth Affirmative Defense: Plaintiff's claim is barred, in whole or in part, by his failure to exhaust administrative remedies, including his failure to file a timely complaint with the Secretary of Labor within 180 days after the date on which the alleged violations occurred or the date on which he became aware of them, as required by 18 U.S.C. § 1514A(b)(2)(D). To the extent Plaintiff's claim rests on discrete acts occurring more than 180 days before his administrative complaint, those acts are time-barred, and the continuing-violation doctrine does not defer the filing deadline.

Ninth Affirmative Defense: Plaintiff's claim is barred, in whole or in part, by the applicable limitations period, including the 180-day period set forth in 18 U.S.C. § 1514A(b)(2)(D).

-6-
DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Tenth Affirmative Defense: Plaintiff's recovery, if any, is barred or reduced to the extent he failed to exercise reasonable diligence to mitigate his alleged damages.

Eleventh Affirmative Defense: Plaintiff's recovery, if any, is limited to the remedies available under 18 U.S.C. § 1514A(c), and Plaintiff is not entitled to exemplary or punitive damages under that section.

Twelfth Affirmative Defense: Plaintiff's recovery, if any, is barred or limited by the after-acquired evidence doctrine.

Thirteenth Affirmative Defense: At all relevant times, PCEC acted in good faith and with a reasonable belief that its conduct complied with all applicable laws.

## V. Elements of Claims Affirmative Defenses (L.R. 16-4.1(e))

### Elements Required to Establish Defendant's Second Affirmative Defense of No Covered Employer or Person

PCEC is not subject to § 1514A because it does not fall within any covered category of § 1514A(a):

(1) not a company with a class of securities registered under section 12 of the Securities Exchange Act of 1934;

(2) not a company required to file reports under section 15(d) of that Act;

(3) not a subsidiary or affiliate whose financial information is included in the consolidated financial statements of such a company; and

(4) not an officer, employee, contractor, subcontractor, or agent of such a company.

If none applies, there is no covered defendant and the claim fails at the threshold

*See* 18 U.S.C.A. § 1514A(a).

### Elements Required to Establish Defendant's Third Affirmative Defense of No Protected Activity

Plaintiff cannot satisfy the protected-activity element, which requires:

-7-

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

(1) a subjective belief that the conduct reported violated a federal law relating to fraud against shareholders; and

(2) that the belief was objectively reasonable;

    a. For shareholder fraud, the reported theory must "at least approximate the basic elements of a securities-fraud claim" (material misrepresentation/omission, scienter, connection to the purchase or sale of a security, reliance, economic loss, and loss causation).

*Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 1001 (9th Cir. 2009) (citing, *Day v. Staples, Inc.,* 555 F.3d 42, 55 (1st Cir. 2009) and *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341–42, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)); *see also Hansen v. Musk*, 122 F.4th 1162 (9th Cir. 2024).

<u>Elements Required to Establish Defendant's Fourth Affirmative Defense of No Employer Knowledge</u>

Plaintiff cannot satisfy the knowledge element that PCEC knew or suspected, actually or constructively, that Plaintiff engaged in the protected activity:

(1) the employer knew, actually or constructively, of the protected activity;

(2) the employee suffered an unfavorable personnel action; and

(3) the circumstances raise an inference that the protected activity was a contributing factor in the personnel action.

*See Coppinger-Martin v. Solis*, 627 F.3d 745, 750 (9th Cir. 2010).

<u>Elements Required to Establish Defendant's Fifth Affirmative Defense of No Contributing Factor</u>

Plaintiff cannot satisfy the causation element that the protected activity was a contributing factor in the unfavorable personnel action.

*See Coppinger-Martin v. Solis*, 627 F.3d 745, 750 (9th Cir. 2010).

<u>Elements Required to Establish Defendant's Sixth Affirmative Defense of Same Decision</u>

-8-

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

(1) PCEC would have taken the same unfavorable personnel action with respect to Plaintiff even in the absence of any protected activity; and;

(2) PCEC can demonstrate that fact by clear and convincing evidence.

*Murray*, 601 U.S. at 26; *see also* 49 U.S.C.A. § 42121 (West).

Elements Required to Establish Defendant's Seventh Affirmative Defense of Legitimate, Non-Retaliatory Reasons

PCEC must show:

(1) a legitimate, non-retaliatory reason for each challenged action; and;

(2) that the reason, not any protected activity, drove the decision.

*Murray*, 601 U.S. at 26; *see also* 49 U.S.C.A. § 42121 (West).

Elements Required to Establish Defendant's Eighth Affirmative Defense of Failure to Exhaust Administrative Remedies

(1) Plaintiff was required to file a complaint with the Secretary of Labor not later than 180 days after the date on which the alleged violation occurred or the date on which he became aware of it; and;

(2) Plaintiff failed to file a timely administrative complaint as to the personnel actions on which his claim rests, and the continuing-violation doctrine does not defer the deadline for discrete acts.

*Callahan v. HSBC Sec. (USA) Inc.*, 723 F. Supp. 3d 315, 322 (S.D.N.Y. 2024); *see also Daly v. Citigroup Inc.,* 939 F.3d 415, 427-428 (2d Cir. 2019); *see also* 18 U.S. Code § 1514A(b).

Elements Required to Establish Defendant's Ninth Affirmative Defense of Statute of Limitations

An action must be commenced not later than 180 days after

    a. the date on which the violation occurs, or

    b. after the date on which the employee became aware of the violation

18 U.S. Code § 1514A(b)(2)(D).

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

<u>Elements Required to Establish Defendant's Tenth Affirmative Defense of Failure to Mitigate</u>

(1) Plaintiff failed to exercise reasonable diligence to obtain substantially equivalent employment or otherwise reduce his alleged damages; and;

(2) Plaintiff's damages could have been avoided or reduced by the exercise of such diligence.

See Ninth Circuit Manual Of Model Civil Jury Instructions § 11.13 (2024).

<u>Elements Required to Establish Defendant's Eleventh Affirmative Defense of Limitation of Remedies</u>

(1) The remedies available under 18 U.S.C. § 1514A(c) (18 U.S.C.A. § 1514A (West)) are limited to reinstatement, back pay with interest, and compensation for special damages; and

(2) Exemplary or punitive damages are not available under the statute.

18 U.S. Code § 1514A(c).

<u>Elements Required to Establish Defendant's Twelfth Affirmative Defense of After-Acquired Evidence</u>

(1) PCEC has acquired evidence of wrongdoing or disqualifying conduct by Plaintiff; and

(2) PCEC would have taken the same action, or the wrongdoing is of such severity that it would have resulted in termination, had PCEC known of it, limiting the available relief.

*See* Ninth Circuit Manual Of Model Civil Jury Instructions § 10.18 (2022).

<u>Elements Required to Establish Defendant's Thirteenth Affirmative Defense of Good Faith</u>

(1) PCEC did not directly or indirectly induce the violation; and

(2) PCEC acted in good faith.

*See* Ninth Circuit Manual Of Model Civil Jury Instructions § 18.11 (2024).

-10-

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## VI.   Key Evidence to Support Affirmative Defenses (L.R. 16-4.1(f))

   i.   Second Affirmative Defense of No Covered Employer or Person.

Element (1)

Testimony is expected to show that PCEC is not a company with a class of securities registered under section 12 of the Securities Exchange Act of 1934;

Element (2)

Testimony is expected to show that PCEC is not a company required to file reports under section 15(d) of that Act;

Element (3)

Testimony is expected to show that PCEC is not a subsidiary or affiliate whose financial information is included in the consolidated financial statements of such a company; and

Element (4)

Testimony is expected to show that PCEC is likely not an officer, employee, contractor, subcontractor, or agent of such a company that is applicable to covered employers.

   ii.   Third Affirmative Defense of No Protected Activity.

Element (1)

Testimony is expected to show that the matters Plaintiff raised concerned technical reserve-engineering and accounting judgments (i.e., oil-differential inputs, well counts, asset-retirement-obligation scheduling, and reserve classification) not conduct approximating securities fraud.

PCEC relied on independent third-party verification of its reserves.  Klaus Hasbo (CEO) and other PCEC witnesses will testify that PCEC's reserves are verified by an independent reserves auditor, NSAI, and by senior chief engineer, Don LeBlanc, and that correct classification is confirmed through that third-party process.

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Plaintiff conceded he did not know the totality of the information PCEC provided to the auditors regarding the matters he now characterizes as fraudulent.

Plaintiff acknowledged that he told the former CFO the figures were "wrong" and "not the right thing to do," rather than identifying a securities-law violation.

Lisa Toler, PCEC's former CFO, will testify that well-count discrepancies must be evaluated for materiality, and that immaterial differences are insignificant, undermining Plaintiff's claim that the reported issues reflected shareholder fraud.

Element (2)

Testimony is expected to show that the matters Plaintiff raised concerned technical reserve-engineering and accounting judgments (i.e., oil-differential inputs, well counts, asset-retirement-obligation scheduling, and reserve classification) not conduct approximating securities fraud.

PCEC relied on independent third-party verification of its reserves. Klaus Hasbo (CEO) and other PCEC witnesses will testify that PCEC's reserves are verified by an independent reserves auditor, NSAI, and by senior chief engineer, Don LeBlanc, and that correct classification is confirmed through that third-party process.

Plaintiff conceded he did not know the totality of the information PCEC provided to the auditors regarding the matters he now characterizes as fraudulent.

Plaintiff acknowledged that he told the former CFO the figures were "wrong" and "not the right thing to do," rather than identifying a securities-law violation.

Lisa Toler, PCEC's former CFO, will testify that well-count discrepancies must be evaluated for materiality, and that immaterial differences are insignificant, undermining Plaintiff's claim that the reported issues reflected shareholder fraud.

    iii.    Fourth Affirmative Defense of No Employer Knowledge.

Element (1)

Evidence shows that PCEC did not understand Plaintiff's internal communications as reports of federal securities-law or fraud violations, including

-12-

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Plaintiff's deposition testimony regarding whether Mr. Glenn or Mr. Hasbo did anything in response to his communications that would suggest they understood him to be reporting a legal, regulatory, or deceptive practice.

Element (2)

Evidence shows that PCEC did not understand Plaintiff's internal communications as reports of federal securities-law or fraud violations, including Plaintiff's deposition testimony regarding whether Mr. Glenn or Mr. Hasbo did anything in response to his communications that would suggest they understood him to be reporting a legal, regulatory, or deceptive practice.

Element (3)

Evidence shows that PCEC did not understand Plaintiff's internal communications as reports of federal securities-law or fraud violations, including Plaintiff's deposition testimony regarding whether Mr. Glenn or Mr. Hasbo did anything in response to his communications that would suggest they understood him to be reporting a legal, regulatory, or deceptive practice

iv.    Fifth Affirmative Defense of No Contributing Factor.

Element (1)

The decision to end Plaintiff's employment was a business decision to outsource his function to outside contractors, unrelated to any protected activity. The evidence that will show that:

    a. Patrick Glenn, PCEC's VP of Operations, will testify that Plaintiff's employment ended because PCEC chose to outsource the position to contractors, allowing for more variable expenses rather than fixed costs.

    b. Hasbo will testify that he, with Philip Brown, directed a move toward external consultants for the company's UIC work, an idea that arose in October/November 2023 discussions, before the December 2023 notice of termination.

-13-

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

c. Hasbo and Glenn will testify that PCEC offered Plaintiff the opportunity to continue as a consultant after his employment ended.

d. Hasbo will testify Plaintiff was not terminated for misconduct, and Glenn will testify that the emails on which Plaintiff relies had nothing to do with the termination.

v. Sixth Affirmative Defense of Same Decision.

Element (1)

Glenn will testify that the termination will testify that Plaintiff's employment ended because PCEC chose to outsource the position to contractors, allowing for more variable expenses rather than fixed costs.

Hasbo will testify that he, with Philip Brown, directed a move toward external consultants for the company's UIC work, an idea that arose in October/November 2023 discussions, before the December 2023 notice of termination

Hasbo will testify that the termination was not for misconduct and that Plaintiff's emails had nothing to do with it.

Evidence will be shown, also through Glenn's testimony, that the actual post-termination outsourcing of the function to a contractor (i.e., Numeric Solutions) around February 2024.

PCEC's personnel and staffing records corroborate the decision.

Element (2)

Same as listed for Element 1, along with the convergence of the above (i.e., a documented cost-driven business rationale, the timing predating any adverse action, the consulting offer to Plaintiff, and the follow-through with an outside contractor) together with PCEC's contemporaneous personnel records.

vi. Seventh Affirmative Defense of Legitimate, Non-Retaliatory Reasons.

Element (1)

-14-
DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Glenn will testify that the termination will testify that Plaintiff's employment ended because PCEC chose to outsource the position to contractors, allowing for more variable expenses rather than fixed costs.

Hasbo will testify that he, with Philip Brown, directed a move toward external consultants for the company's UIC work, an idea that arose in October/November 2023 discussions, before the December 2023 notice of termination

Hasbo will testify that the termination was not for misconduct and that Plaintiff's emails had nothing to do with it.

Evidence will be shown, also through Glenn's testimony, that the actual post-termination outsourcing of the function to a contractor (i.e., Numeric Solutions) around February 2024.

PCEC's personnel and staffing records corroborate the decision.

Element (2)

Same as listed for Element 1, along with the convergence of the above (i.e., a documented cost-driven business rationale, the timing predating any adverse action, the consulting offer to Plaintiff, and the follow-through with an outside contractor) together with PCEC's contemporaneous personnel records.

vii.   Eighth Affirmative Defense of Failure to Exhaust Administrative Remedies.

Element (1)

Plaintiff's administrative complaint was filed with the Secretary of Labor on or before April 16, 2024, placing the 180-day cutoff at October 19, 2023.

Element (2)

The discrete acts Plaintiff alleges before that cutoff, including the September 8, 2023, advertisement posting of his position and the mid-2023 conduct alleged in the Second Amended Complaint, fall outside the window.

viii.   Ninth Affirmative Defense of Statute of Limitations.

Element (1a)

-15-
DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

The alleged April 16, 2024, filing date.

Element (1b)

The discrete acts Plaintiff alleges before that cutoff, including the September 8, 2023, advertisement posting of his position and the mid-2023 conduct alleged in the Second Amended Complaint, fall outside the window.

      ix.    Tenth Affirmative Defense of Failure to Mitigate.

Element (1)

PCEC offered Plaintiff a consulting engagement in connection with the separation, which he did not take up, plus evidence (to be developed) of Plaintiff's post-separation job-search efforts and earnings.  Plaintiff is still not working.

Element (2)

The availability of that consulting engagement and of comparable positions, showing damages could have been reduced

      x.    Eleventh Affirmative Defense of Limitations on Remedies.

Element (1)

The text of 18 U.S.C. § 1514A(c) measured against Plaintiff's claimed categories of relief.

Element (2)

Plaintiff's prayer expressly seeks exemplary damages, which the statute does not authorize.

      xi.    Twelfth Affirmative Defense of After-Acquired Evidence.

Element (1)

Evidence (to be developed) of acquired evidence of wrongdoing or disqualifying conduct by Plaintiff.

Element (2)

Evidence (to be developed) of acquired evidence of wrongdoing or disqualifying conduct by Plaintiff that would have led to termination.

      xii.    Thirteenth Affirmative Defense of Good Faith.

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Element (1)

Hasbo's testimony that PCEC's reserves are verified by an independent reserves auditor (i.e., NSAI) and by senior chief engineer Don LeBlanc, with correct classification confirmed through that third-party process.

PCEC engaged and cooperated with outside auditors (i.e., PKF) beginning in 2020.

Element (2)

The same independent-verification process, including Hasbo's testimony that independent reserves auditor (i.e., NSAI) verified reserves since 2012 consistently, supporting a reasonable belief that PCEC's reporting complied with applicable requirements.

## VII.   Third Parties (L.R. 16-4.1(g))

There are no third-party claims.  Plaintiff has named Doe defendants 1 through 25, whose true names and capacities have not been identified.

## I.   Anticipated Evidentiary Issues (L.R. 16-4.1(h))

There are no third-party claims.  Plaintiff has named Doe defendants 1 through 25, whose true names and capacities have not been identified.

i. Admissibility and characterization of accounting and reserve materials

   1. Issue: Whether documents Plaintiff characterizes as reflecting alleged manipulated or falsified documents are admissible and properly authenticated, and whether they are relevant absent a foundation approximating securities fraud.

   2. PCEC's position: Such materials require proper foundation and authentication, and their probative value is limited where Plaintiff cannot tie them to an enumerated violation.

ii. Hearsay

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

    1. Issue: Whether out-of-court statements Plaintiff attributes to PCEC personnel are offered for their truth and are inadmissible hearsay not within any exception.

    2. PCEC's position: Such statements are inadmissible for their truth unless a proper exception is established.

iii. Expert Testimony

    1. Issue: Whether expert testimony concerning oil-and-gas reserve estimation, ARO accounting, and reserve classification is required, and the qualification and reliability of any such testimony under Federal Rule of Evidence 702.

    2. PCEC's position: The technical accounting and engineering questions require qualified expert testimony, and lay opinion on these subjects is improper.

iv. Use of Deposition Testimony

    1. Issue: The admissibility and proper use of deposition testimony at trial under Federal Rule of Civil Procedure 32.

    2. PCEC's position: Deposition testimony may be used only as permitted by Rule 32 and the Federal Rules of Evidence.

v. Plaintiff's public job postings and recruiting evidence

    1. Issue: Plaintiff seeks pre-admission of PCEC's WayUp and Glassdoor "Reservoir Engineer" job postings and related webpage timing metadata.

    2. PCEC's position: The postings present authentication and foundational issues (particularly the developer-tool "metadata" concerning posting dates) that must be resolved at trial on a proper record, not through advance in-limine admission.  PCEC opposes pre-admission and reserves its authentication, foundation, and weight objections.

vi. Plaintiff's LinkedIn profiles of PCEC personnel

-18-

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1.  Issue: Plaintiff seeks admission of the public LinkedIn profiles of Baudelio Lara and Nikolajs Batarags.

2.  PCEC's position: Authentication and foundation, including authorship of the profiles, are trial questions unsuited to pre-admission. PCEC opposes advance admissibility and preserves its FRE 901, hearsay, and FRE 403 objections.

vii. Plaintiff's PCOT Form 8-K filings

1.  Issue: Plaintiff seeks admission of three Pacific Coast Oil Trust Form 8-K filings from the SEC EDGAR database.

2.  PCEC's position: Even assuming the documents are judicially noticeable, advance admission is inappropriate without proper foundation, and any use must be confined to the limited non-hearsay purpose Plaintiff concedes (not to prove the truth of any disputed matter). PCEC also preserves an FRE 403 objection that the filings risk confusing the issues and inviting a securities-fraud mini-trial.

viii. Plaintiff's proposed lay testimony from a PCOT unitholder

1.  Issue: Plaintiff seeks leave for unitholder Carson Mitchell to give "limited" lay testimony about the Trust's structure, distribution history, and the significance of financial metrics to investors, offered to support the objective reasonableness of Plaintiff's belief.

2.  PCEC's position: This testimony concerns specialized financial and trust-accounting subject matter that is the province of expert testimony. Presented as lay opinion it is improper under FRE 701-702. PCEC opposes admission of the testimony to the extent it exceeds a lay witness's personal knowledge.

ix. Evidence or argument that PCEC violated securities laws or defrauded shareholders

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1. Issue: PCEC moves to exclude evidence and argument that it or its employees violated securities laws or defrauded PCOT unitholders or other third parties, under FRE 401, 402, and 403.

2. PCEC's position: Whether PCEC actually committed securities fraud is not an element of a § 1514A retaliation claim, so such evidence has little or no probative value and it should be excluded under FRE 403 because it would confuse and mislead the jury into deciding whether PCEC violated the securities laws or was "pursued by the SEC" rather than the retaliation issues actually presented. PCEC further contends that opinion testimony on these subjects is barred under FRE 701 and 702.

**x.  Issues of Law (L.R. 16-4.1(i))**

i.  Covered employer/person under § 1514A(a)

1. Issue: Whether PCEC is a company with a class of securities registered under section 12 of the Securities Exchange Act of 1934, a company required to file reports under section 15(d) of that Act, a subsidiary or affiliate whose financial information is included in the consolidated financial statements of such a company, or an officer, employee, contractor, subcontractor, or agent of such a company.  18 U.S.C.A. § 1514A(a).

2. PCEC's position: PCEC is not a covered person and is not subject to liability.

ii.  Protected activity

1. Issue: Whether Plaintiff held an objectively reasonable belief that the reported conduct violated an enumerated law, which for shareholder fraud must at least approximate the basic elements of a securities-fraud claim. *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 1001 (9th Cir. 2009) (citing, *Day v. Staples, Inc.,* 555 F.3d 42, 55 (1st Cir. 2009) and

-20-
DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

*Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341–42, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)); *see also Hansen v. Musk*, 122 F.4th 1162 (9th Cir. 2024).

2. PCEC's position: Plaintiff cannot establish an objectively reasonable belief, and the burden therefore never shifts.

iii. <u>Same-decision standard</u>

1. Issue: The employer's burden to show by clear and convincing evidence that it would have taken the same action absent protected activity. *Murray*, 601 U.S. at 26; *see also* 49 U.S.C.A. § 42121 (West).

2. PCEC's position: PCEC can make this showing.

iv. <u>Administrative exhaustion and the 180-day deadline</u>

1. Issue: The application of the 180-day filing requirement of 18 U.S.C. § 1514A(b)(2)(D). *Callahan v. HSBC Sec. (USA) Inc.*, 723 F. Supp. 3d 315, 322 (S.D.N.Y. 2024); *see also Daly v. Citigroup Inc.,* 939 F.3d 415, 427-428 (2d Cir. 2019); *see also* 18 U.S. Code § 1514A(b).

2. PCEC's position: Plaintiff's claim is barred, at least in part, for failure to timely exhaust as to those discrete acts.

v. <u>Available remedies</u>

1. Issue: Whether exemplary or punitive damages are available under 18 U.S.C. § 1514A(c).  18 U.S. Code § 1514A(c).

2. PCEC's position: They are not.

xi. **<u>Bifurcation of Issues (L.R. 16-4.3)</u>**

PCEC does not presently request bifurcation of issues.

xii. **<u>Jury Trial (L.R. 16-4.4)</u>**

The parties have demanded a trial by jury.  This matter is expected to be tried to a jury on all issues so triable.

xiii. **<u>Attorney Fees (L.R. 16-4.5)</u>**

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Plaintiff seeks attorneys' fees under 18 U.S.C. § 1514A(c)(2)(C). PCEC's position is that fees are recoverable only by a prevailing party as provided by statute and that Plaintiff is not entitled to fees because his claim fails.

### xiv. Abandonment of Issues (L.R. 16-4.6)

PCEC has not abandoned any of the affirmative defenses identified above. The operative Second Amended Complaint pleads only the single claim.

Dated: July 10, 2026                    LEECH TISHMAN NELSON HARDIMAN, INC.

By _____

Kathryn T. McGuigan
Fadi K. Rasheed
Attorneys for Defendant
PACIFIC COAST ENERGY COMPANY, LP

-22-
DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## PROOF OF SERVICE - §1013a CODE OF CIVIL PROCEDURE, STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

### *Brendan Potyondy v. Pacific Coast Energy Company, LP*
Case No. 2:24-cv-09151-JLS-CTS

I am employed in the County of Los Angeles by the law firm of Leech Tishman Nelson Hardiman, Inc. ("LTNH"); I am over the age of eighteen years and not a party to the above-captioned action; my business address is: 1100 Glendon Avenue, 14th Floor, Los Angeles, California 90024.

On July 10, 2026 I served the following document(s) described as

- **DEFENDANT PACIFIC COAST ENERGY COMPANY, LP'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

on the interested parties in this action to the addressee(s) as listed on the attached service list:

☐      BY MAIL   I placed a true and correct copy of the above document(s) in a sealed envelope addressed to the addressee(s) on the attached service list. I deposited such sealed envelope, with postage fully prepaid, for collection and mailing by the United States Postal Service following the ordinary business practices of LTNH. I am readily familiar with LTNH's practice for collection and processing of correspondence for mailing, under which such correspondence is collected by, and deposited with, the United States Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☒      BY ELECTRONIC MAIL OR TRANSMISSION   Based on a court order, the federal laws, or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person at the e-mail addresses listed on the attached service list or through the court's electronic filing service provider. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

-23-
DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

☐      BY FEDERAL EXPRESS      I placed a true and correct copy of the above document(s) in a sealed envelope addressed to the addressee(s) on the attached service list. I caused such envelope to be delivered to the addressee(s) at the address(es) set forth on the attached service list by overnight delivery. I am readily familiar with the firm's practice for collection and processing of correspondence for overnight mail/Federal Express, under which such correspondence is deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for to the addressee(s) as listed on the attached service list.

☐      BY PERSONAL SERVICE      I placed a true and correct copy of the above document(s) in a sealed envelope addressed to the addressee(s) on the attached service list. I caused the foregoing document(s) in such sealed envelope to be hand-delivered to the offices of the addressee(s) as listed on the attached service list.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on July 10, 2026 at Los Angeles, California.

/s/ Dea Collins
Dea Collins

-24-
DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**SERVICE LIST**

***Brendan Potyondy v. Pacific Coast Energy Company, LP***
Case No. 2:24-cv-09151-JLS-CTS

**GEORGE BEAN LAW**
George H. Bean (SBN 306016)
*george@georgebeanlaw.com*
340 E. 1st Street, #1127
Tustin, CA 92781
Telephone: (714) 904-9338

Attorney for Plaintiff, BRENDAN POTYONDY

-25-

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW