**GEORGE BEAN LAW**
George H. Bean (SBN 306016)
*george@georgebeanlaw.com*
340 E. 1st Street, #1127
Tustin, CA 92781
Telephone: (714) 904-9338

Attorney for Plaintiff, Brendan Potyondy

**LEECH TISHMAN NELSON HARDIMAN, INC.**
Fadi K. Rasheed (SBN 267175)
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
Telephone: (424) 738-4400
*frasheed@leechtishman.com*

Attorneys for Defendant Pacific Coast Energy Company, LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN POTYONDY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC COAST ENERGY COMPANY, LP, a Delaware limited partnership, and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 2:24-cv-09151-JLS-CTS<br><br>Hon. Josephine L. Staton<br><br>**JOINT WITNESS LIST**<br><br>Final Pretrial Conference:<br><br>Date: July 17, 2026<br>Time: 10:30 a.m.<br>Dept: 8A<br><br>Action Filed: October 23, 2024 |

| JOINT WITNESS LIST | | | | | |
|---|---|---|---|---|---|
| Case Name: Brendan Potyondy v. Pacific Coast Energy Company, LP | | | | | |
| Case Number: 2:24-cv-09151-JLS-CTS | | | | | |
| No. of Witness | Witness Name | Party Calling Witness and Estimate | X-Examiner's Estimate | Description of Testimony | Comments |
| 1 | Brendan Potyondy | Plaintiff: 4 hours | 3 | Plaintiff's internal reports, reasonable belief, and damages. | |
| 2 | Carson Mitchell | Plaintiff: 2 hours | 1 | PCOT unitholder context. | |
| 3 | Brian Baumler | Plaintiff: 2 hours | 1 | Auditor; ARO and well-count issues. | |
| 4 | Ashley Smith | Plaintiff: 1 hour | 1 | Reserves classifications. | |
| 5 | Patrick Glenn | Plaintiff: 2 hours | 1 | PCEC engineering; termination decision. | |
| 6 | Klaus Hasbo | Plaintiff: 2 hours | 1 | PCEC management; termination decision. | |
| 7 | Philip Brown | Plaintiff: 2 hours | 1 | PCEC operations; termination decision. | |
| 8 | Lisa Toler | Plaintiff: 1 hour | 1 | PCEC finance, well counts, and Plaintiff's internal reports. | |
| 9 | Robert Foss | Plaintiff: 1 hour | 1 | PCEC management, PCOT structure and reporting context. | |

| | | | | | |
|---|---|---|---|---|---|
| 10 | Scott Wood | Plaintiff: 2 hours | 1 | PCOT/investor context. | |
| 11 | William Dale | Plaintiff: 1 hour | 1 | PCEC accounting and audit issues. | |
| 12 | Baudelia Lara | Plaintiff: 1 hour | 1 | PCEC engineering job duties. | |
| 13 | Nikolajs Batarags | Plaintiff: 1 hour | 1 | PCEC engineering, job duties. | |
| 14 | Dr. Sean Christiansen | Plaintiff: 1 hour | 1 | Emotional Distress | |
| 15 | Cathy Knudsen | Plaintiff: 1 hour | 1 | Emotional Distress | |
| 16 | Erika Castro | Plaintiff: 1 hour | 1 | Emotional Distress | |
| 17 | Klaus Hasbo | Defendant: 2 hours | | Plaintiff's hiring, role, and engineering duties; PCEC's reserve-reporting process and reliance on other parties for review/verification; the business decision to obtain engineering services through outside contractors; PCEC's role and knowledge; the decision to end Plaintiff's employment and the reasons for it | |
| 18 | Patrick Glenn | Defendant: 2 hours | | Supervision of Plaintiff's technical work; well-count, ARO, and reserve-classification issues; interactions with auditors; the | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | reasons for the termination decision, including the decision to outsource the position; the post-termination consulting offer to Plaintiff; and that Plaintiff's communications were not the reason for his termination | |
| 19 | Philip Brown | Defendant: 2 hours | | His role at PCEC; involvement with reserves reports and information provided to the Pacific Coast Oil Trust; the hiring and supervision of Plaintiff; and his involvement in the decision to end Plaintiff's employment | |
| 20 | William Dale | Defendant: 2 hours | | PCEC's financial-reporting relationship with the Pacific Coast Oil Trust; the role of reserves and asset-retirement-obligation data in that reporting; and interactions with the outside auditor | |
| 21 | Lisa Toler | Defendant: 1 hour | | Reserve-reporting processes; the role of reserve and | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | well-count data in financial reporting and SEC filings; auditor interactions; and materiality of alleged well-count differences. | |
| 22 | Rob Foss | Defendant: 1 hour | | Reserves reporting; auditor interactions; valuation models; and asset-retirement-obligation issues during his tenure. | |
| 23 | Don LeBlanc | Defendant: 1 hour | | Verification and classification of PCEC's oil and gas reserves; the third-party reserve-verification process; and the technical basis for the reserve determinations Plaintiff questioned. | |
| 24 | Brendan Potyondy | Defendant: 2 hours | | His employment, duties, and qualifications; the communications he contends were protected activity; his knowledge and understanding of the matters reported; the circumstances of his separation; and | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | his post-termination employment efforts and alleged damages. | |

Date: July 10, 2026

**GEORGE BEAN LAW**

*/s/ George H. Bean*
George H. Bean, Attorney for Plaintiff, Brendan Potyondy

Date: July 10, 2026

**LEECH TISHMAN NELSON HARDIMAN, INC.**

*/s/ Fadi K. Rasheed*
Fadi K. Rasheed, Attorney for Defendant, Pacific Coast Energy Company, LP

**PROOF OF SERVICE - §1013a CODE OF CIVIL PROCEDURE, STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

***Brendan Potyondy v. Pacific Coast Energy Company, LP***
Case No. 2:24-cv-09151-JLS-CTS

I am employed in the County of Los Angeles by the law firm of Leech Tishman Nelson Hardiman, Inc. ("LTNH"); I am over the age of eighteen years and not a party to the above-captioned action; my business address is: 1100 Glendon Avenue, 14th Floor, Los Angeles, California 90024.

On July 10, 2026 I served the following document(s) described as

- **JOINT WITNESS LIST**

on the interested parties in this action to the addressee(s) as listed on the attached service list:

☐ BY MAIL I placed a true and correct copy of the above document(s) in a sealed envelope addressed to the addressee(s) on the attached service list. I deposited such sealed envelope, with postage fully prepaid, for collection and mailing by the United States Postal Service following the ordinary business practices of LTNH. I am readily familiar with LTNH's practice for collection and processing of correspondence for mailing, under which such correspondence is collected by, and deposited with, the United States Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☒ BY ELECTRONIC MAIL OR TRANSMISSION Based on a court order, the federal laws, or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person at the e-mail addresses listed on the attached service list or through the court's electronic filing service provider. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

☐ BY FEDERAL EXPRESS I placed a true and correct copy of the above document(s) in a sealed envelope addressed to the addressee(s) on the attached service list. I caused such envelope to be delivered to the addressee(s) at the address(es) set forth on the attached service list by overnight delivery. I am readily familiar with the firm's practice for collection and processing of correspondence for overnight mail/Federal Express, under which such correspondence is deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for to the addressee(s) as listed on the attached service list.

☐ BY PERSONAL SERVICE I placed a true and correct copy of the above document(s) in a sealed envelope addressed to the addressee(s) on the attached service list. I caused the foregoing document(s) in such sealed envelope to be hand-delivered to the offices of the addressee(s) as listed on the attached service list.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on July 10, 2026 at Los Angeles, California.

*/s/ Dea Collins*
Dea Collins

**SERVICE LIST**

***Brendan Potyondy v. Pacific Coast Energy Company, LP***
Case No. 2:24-cv-09151-JLS-CTS

**GEORGE BEAN LAW**
George H. Bean (SBN 306016)
*george@georgebeanlaw.com*
340 E. 1st Street, #1127
Tustin, CA 92781
Telephone: (714) 904-9338

Attorney for Plaintiff, BRENDAN POTYONDY